**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**ANIYA GLOVER, *et al.*** **PLAINTIFFS**

**v.** **CASE NO. 3:24-CV-00220-BSM**

**CITY OF JONESBORO, *et al.*** **DEFENDANTS**

**ORDER**

Defendants' motions for summary judgment [Doc. Nos. 37, 39, 42] are granted and the claims of Aaron Fisher and Aniya Glover are dismissed with prejudice.

I. BACKGROUND

Although their claims are being brought in the same lawsuit, Glover and Fisher are suing the City of Jonesboro, its mayor, its police chief, and two of its police officers based on separate encounters that each had with Jonesboro police officers.

A. Aaron Fisher

Fisher's encounter occurred when officers Perkins and Harris activated the lights in their patrol car and attempted to pull him over for speeding and driving on a suspended license. Fisher, however, did not immediately stop but continued driving for approximately one minute until he reached his apartment complex. Pl.'s Resp. Sep. Def. Joseph Harris's Statement Facts not in Dispute (Fisher) ("SUMF I") Doc. No. 59, ¶¶ 26–33; Doc. No. 41, Ex. 6, Dash Camera Video at 00:22–1:05. When Fisher stopped, Perkins walked to his driver-side door and Harris walked to his passenger-side door. SUMF I ¶ 42. Perkins told Fisher to exit the vehicle so he could conduct a pat-down search. *Id.* ¶ 51; Doc. No. 41, Ex. 8, Fisher Incident Video - 24-04230-4 ("Incident Video I") at 1:05–1:30. Harris then walked

around the car and told Perkins to arrest Fisher. Incident Video I at 1:30–1:47; SUMF I ¶ 53.

When Perkins attempted to handcuff him, Fisher resisted. Incident Video I at 1:49–1:56. A struggle ensued, and Perkins took Fisher to the ground. Doc. No. 41, Ex. 6, Fisher Incident Video - 24-04230-6 ("Incident Video II") at 1:56–1:59. Harris attempted to hold Fisher's arms, but the officers were unable to subdue Fisher until Harris struck him in the head and neck area. *Id*. at 1:59–2:18. Fisher was handcuffed and put in the patrol car. *Id.* at 2:14–2:18.

Fisher is suing Harris for violating the U.S. Constitution and the Arkansas Civil Rights Act, and for assault, battery, and false imprisonment. He is suing the City, Mayor Harold Copenhaver, and Police Chief Rick Elliot for violating the United States and Arkansas Constitutions, for failing to properly train the officers, and for violating the Americans with Disabilities Act.

B. Aniya Glover

Glover's encounter with the officers occurred one day after Fisher's encounter. Glover was pulled over by Sergeant Michael Bush for driving without her headlights on, driving well below the speed limit, and for crossing in and out of her lane. Pl.'s Resp. Sep. Def. Joseph Harris's Statement Facts not in Dispute (Glover) ("SUMF II") ¶¶ 2–3, Doc. No. 60. Glover continued to drive for some time after Bush turned his siren on, but she did pull over. *Id*. ¶¶ 3–7. Perkins and Harris arrived at the scene during the stop. *Id*. ¶ 9. Because the road was hilly, Perkins and Bush walked Glover across the street to conduct a field sobriety test in a flat area. *Id*. ¶ 13; Doc. No. 44, Ex. 3, Bush Body Camera Video ("Bush

Video") at 4:45–5:37. Based on the field sobriety test, Perkins concluded that Glover was intoxicated, and he and Bush arrested her. Bush Video at 5:35–14:50. Harris stayed on the other side of the road and had no role in Glover's arrest other than running her driver's license. Doc. No. 44, Ex. 4, Harris Body Camera Video at 3:30–14:00. Perkins, with Harris in the front seat, drove Glover to the Craighead County Detention Center for testing. *Id.* at 19:52–33:21. The officers later took her to the hospital. SUMF II ¶ 33. Glover tested negative for drugs and alcohol. *Id.*, Ex. 6, at 50:3–6.

Glover is suing Harris and Perkins for violating the U.S. Constitution and the Arkansas Civil Rights Act, and for assault, battery, and false imprisonment. She is suing the City, Mayor Harold Copenhaver, and Police Chief Rick Elliot for failing to properly train the officers.

Defendants are moving for summary judgment on all claims.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in the pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487

F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

### A. Aaron Fisher

Summary judgment is granted on Fisher's claims against Perkins and Harris.

#### *1. Excessive Force*

Summary judgment is granted on Fisher's excessive force claims because, as a matter of law, the force exerted on him by the officers was reasonable. To prove his claim, Fisher must show that the force the officers used during his arrest was objectively unreasonable in light of the facts and circumstances confronting them. *Nieters v. Holtan*, 83 F.4th 1099, 1108 (8th Cir. 2023), cert. denied, 144 S. Ct. 1349 (2024). In making this determination, the severity of Fisher's crime, whether he posed an immediate threat to the officers, and whether he resisted or attempted to evade arrest are factors that must be considered. *Loch v. City of Litchfield*, 689 F.3d 961, 965 (8th Cir. 2012). The body camera footage shows Fisher appearing to be intoxicated and resisting arrest. Harris struck Fisher when Fisher refused to submit to arrest and began struggling with both officers. SUMF I ¶ 51; Incident Video I at 1:49–2:18. Harris's actions were not unreasonable given Fisher's struggle, the lack of lighting at the scene, and the fact that the officers were unable to perform a pat down search and determine whether Fisher was armed. Summary judgment is granted on Fisher's claim against Perkins because it was not unreasonable for Perkins to take Fisher to the ground given the circumstances. *See Ehlers v. City of Rapid City*, 846 F.3d 1002, 1012 (8th Cir.

2017). Fisher's claim that Perkins should have stopped Harris from striking him is unpersuasive because Harris's force was reasonable. *See Hicks v. Norwood*, 640 F.3d 839, 843 (8th Cir. 2011) (no failure to intervene claim if no excessive force).

*2. Unlawful Arrest*

Summary judgment is granted on Fisher's unlawful arrest claim because defendants' motion is uncontested. Br. Sup. Pls.' Consolidated Resp. Defs.' Mot. Summ. J. ("Pls.' Brief"), 8, Doc. No. 61.

*3. State Law Claims*

Summary judgment is granted on Fisher's Arkansas Civil Rights Amendment claim and false imprisonment claims because defendants' motion is uncontested on those claims. *Id.*; *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009) (failing to oppose summary judgment waives claim). Fisher's assault and battery claims are dismissed for lack of jurisdiction. "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Barstad v. Murray Cnty.*, 420 F.3d 880, 888 (8th Cir. 2005) (citation modified). The predominating claims in this suit are state claims and properly belong in state court. In the interest of judicial economy, Fisher's remaining state law claims are dismissed without prejudice.

*4. ADA and Rehabilitation Act*

Summary judgment is granted on Fisher's ADA and Rehabilitation Act claims because he waived them. *See* Doc. No. 67; *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009) (failure to oppose summary judgment waives claim).

B. Aniya Glover

Summary judgment is granted on Glover's claims against Harris.

*1. Excessive Force*

Summary judgment is granted on Glover's excessive force claims under 42 U.S.C. section 1983 and the Arkansas Civil Rights Act because defendants' motion is uncontested. Pls.' Brief at 10.

*2. False Arrest*

Summary judgment is granted on Glover's false arrest claim against Harris because he reasonably relied on the probable cause determinations of another officer. *See Baude v. Leyshock*, 23 F.4th 1065, 1074 (8th Cir. 2022) (an assisting officer may rely on the probable cause determination of another officer) (citation modified). Perkins handcuffed Glover and escorted her to the vehicle. Harris merely assisted in transporting Glover to the jail and hospital. As an assisting officer, Harris is entitled to rely on the probable cause determinations of the officer in charge of the scene. *Wolterman v. Syverson*, 164 F.4th 1086, 1092 (8th Cir. 2026). Summary judgment is granted on Glover's ACRA false arrest claim because ACRA claims are analyzed similarly to 42 U.S.C. section 1983 claims. Ark. Code Ann. § 16-123-105(c); *Graham v. Cawthorn*, 427 S.W.3d 34, 44 (Ark. 2013).

*3. State Law Claims*

Summary judgment is granted on Glover's assault and battery claims against Harris because she does not contest defendants' motion. Pls.' Brief at 10. Summary judgment is granted on Glover's false imprisonment claim because she cannot establish that the officers lacked legal authority to detain her. *Trammel v. Wright*, 489 S.W.3d 636, 638 (Ark. 2016). This is true because the officers had probable cause to believe she was driving while intoxicated.

C. Municipal Liability

Summary judgment is granted on plaintiffs' municipal liability claims because plaintiffs have failed to establish the underlying claims against the officers. *Partridge v. City of Benton*, 157 F.4th 970, 974 (8th Cir. 2025) ("[L]iability may not be imposed where no municipal official or employee committed a constitutional violation.").

D. Harold Copenhaver and Rick Elliot

Fisher and Glover withdrew their individual-capacity and failure-to-supervise claims against Harold Copenhaver. Pls.' Brief at 11. Accordingly, those claims are dismissed. Summary judgment is granted on plaintiff's failure-to-supervise claims against Rick Elliot because there were no underlying constitutional violations. *Partridge*, 157 F.4th at 974 ("Without a violation . . . there is no basis for imposing municipal or supervisory liability.").

## IV. CONCLUSION

For these reasons, defendants' motions for summary judgment are granted and the claims of Aaron Fisher and Aniya Glover are dismissed with prejudice.

IT IS SO ORDERED this 11th day of September, 2026.

Brian S. Miller
UNITED STATES DISTRICT JUDGE